1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROLAND THOMAS KOCH,                    No.  2:23-cv-00701 DB P

12                  Plaintiff,

13        v.                                ORDER

14   SACRAMENTO COUNTY, et al.,

15                  Defendants.

16

17

18        Plaintiff, Roland Thomas Koch, proceeds without counsel and seeks relief under 42

19   U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. §

20   636(b)(1). Plaintiff's complaint (ECF No. 1) is before the court for screening. As set forth below,

21   it appears plaintiff's claims may be barred by the statute of limitations, and the complaint's

22   allegations do not state a claim, but plaintiff is granted leave to file an amended complaint.

23   **I.       In Forma Pauperis**

24        Plaintiff seeks to proceed in forma pauperis. (ECF No. 6.) The declaration makes the

25   showing required by 28 U.S.C. § 1915(a). The motion is granted.

26   **II.      Screening Requirement**

27        Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

28   proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a

                                            1

claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III. Plaintiff's Allegations

Plaintiff was detained in custody pending trial on a petition under the Sexually Violent Predator Act ("SVPA") filed in the Sacramento County Superior Court. Plaintiff alleges that even though he asserted his right to speedy trial, he was detained for twelve years without having the SVP petition proceed to trial. On March 1, 2021, the superior court granted a motion for dismissal of the SVP petition.[1]

Through this suit, plaintiff seeks monetary damages for violations of his rights in connection with the SVP petition and his confinement. The complaint names the County of

---

[1] The court takes judicial notice of the online docket for case number 00F06149 in the Sacramento County Superior Court. See U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008); Minor v. Fedex Office and Print Services Inc., 78 F. Supp. 3d 1021, 1027-28 (N.D. Cal. 2015). These records are publicly accessible at https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/SearchByCaseNumber, last accessed 10/6/23.

Sacramento and "prosecution office" as defendants. Plaintiff has included with the complaint what appears to be a copy of a petition for writ of habeas corpus plaintiff filed in <u>Koch v. Price</u>, 2:19-cv-01994-JAM-DMC, which is a closed case.[2] (<u>See</u> ECF No. 1 at 7-18.)

## IV.    Discussion

### A.    Legal Standards for Civil Rights Claims under 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). Under the Supreme Court's decision in <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 689-91 (1977), a government entity can be held liable under 42 U.S.C. § 1983 when execution of a government's policy or custom inflicts the plaintiff's injury. <u>See id.</u> at 694.

### B.    Due Process in the SVPA Context

Courts have considered speedy trial claims raised in the context of SVPA proceedings under the balancing test articulated by the Supreme Court in <u>Barker v. Wingo</u>, 407 U.S. 514, 515 (1972). <u>See, e.g.</u>, <u>Yahn v. King</u>, No. C-13-0855 EMC (pr), 2016 WL 69899, at *6 (N.D. Cal. Jan. 6, 2016) (citing collected cases). "Though SVPA proceedings are not criminal in nature, the <u>Barker</u> factors are appropriately applied to SVPA proceedings, which present similar due process concerns." <u>Smith v. Off. of Alameda Cnty. Pub. Def.</u>, No. 20-CV-08534-JST, 2023 WL 5110941, at *2 (N.D. Cal. Aug. 9, 2023).

To determine whether a pre-trial delay violates the accused's due process right under <u>Barker</u>, courts weigh the following factors: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. <u>Barker</u>, 407 U.S. at 530. These factors are considered together with such other circumstances as may be relevant. <u>Id.</u>

---

[2] The court can take judicial notice of its own records in <u>Koch v. Price</u>, 2:19-cv-01994-JAM-DMC.

3

at 533; see also, e.g., Page v. Lockyer, 200 F. App'x 727, 728 (9th Cir. 2006) (applying Barker to SVP's trial delay claim on habeas corpus and finding 6-year delay did not violate speedy trial right); Williams v. King, No. 14-cv-01831-PJH, 2015 WL 5240200, at 3-5 (N.D. Cal. Sep. 8, 2015) (applying Barker analysis and concluding that 15-year delay in holding commitment hearing did not violate the petitioner's constitutional rights).

For screening purposes, plaintiff's complaint adequately alleges a deprivation of his right to due process based on allegations that he was detained for twelve years without proceeding to trial on the SVP petition despite asserting his right to a speedy trial. As set forth below, however, the complaint does not contain adequate factual allegations to state a claim against the County of Sacramento, and the complaint does not name any other defendants who can be sued under 42 U.S.C. § 1983. Therefore, the complaint fails to state a claim and must be dismissed.

**C.     No Monell Claim Stated against the County of Sacramento**

The first named defendant, County of Sacramento, is considered a "person" under 42 U.S.C. § 1983. See Monell, 436 U.S. at 690. To establish that a municipal entity is liable for an alleged violation, a plaintiff must establish that the alleged violation was attributable to an official municipal policy, a permanent and well-settled practice, or a decision of a municipal official with final decision-making authority. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986). Generally, in order for a municipality to be liable under Monell, a plaintiff must show that "(1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which 'amount[ ] to deliberate indifference' to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation[s].'" Lee v. City of L.A., 250 F.3d 668, 681-82 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)), abrogated on other grounds by Twombly, 550 U.S. at 555; see also Picray v. Sealock, 138 F.3d 767, 772 (9th Cir. 1998) ("Proof of random acts or isolated events does not satisfy the plaintiff's burden to establish a custom or policy.").

Here, the complaint does not include facts pertaining to a specific policy, practice, or decision of a municipal official with final decision-making authority that led to the alleged

4

1    deprivation. Allegations about the events that occurred in plaintiff's case do not establish a

2    custom or policy. The complaint fails to state a claim against the County of Sacramento.

3         The other named defendant, "prosecution office," is an improper defendant for a suit

4    under 42 U.S.C. § 1983. See Cartee v. Imperial County Sheriff's Dep't., No. 3:18-cv-00327-

5    CAB-AGS, 2018 WL 2411742, at * 3 (S.D. Cal. May 29, 2018) (holding that a Sheriff's

6    Department, as a singular department of the County, is not a "person" subject to suit under 42

7    U.S.C. § 1983). Assuming that plaintiff is referring to the office or department that brought the

8    SVP petition against him, that office is not a "person" that can be sued for monetary damages

9    under 42 U.S.C. § 1983. See Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (discussing

10   persons subject to suit under § 1983); Fischer v. Cahill, 474 F.2d 991, 992 (3rd Cir. 1992)

11   (prison's medical department is not a "person" within the meaning of § 1983). Therefore, the

12   complaint fails to state a cognizable due process claim against any defendant.

13        **D.    Statute of Limitations**

14        Although it is an affirmative defense, expiration of the statute of limitations may be

15   grounds for sua sponte dismissal for failure to state a claim when apparent on the face of the

16   complaint. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir.

17   2010). A complaint should only be dismissed based on expiration of the statute of limitations if it

18   "appears beyond doubt that the plaintiff can prove no set of facts that would establish the

19   timeliness of the claim." Id. (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir.

20   1995)).

21        For this action, California law determines the applicable statute of limitations, which is

22   two years. See Cal. Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)

23   ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for

24   personal injury actions"). California's statutory tolling for prison inmates under the provisions of

25   California Civil Procedure Code § 352.1 does not extend to civil detainees, but "California's

26   equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a

27   continuously confined civil detainee who has pursued his claim in good faith." Jones, 393 F.3d at

28   928.

Federal law governs when plaintiff's claims accrued and when the limitations period began to run. <u>See</u> <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action." <u>Id.</u> (citations omitted).

Here, plaintiff states the events giving rise to his claims occurred from October 8, 2008, through March 27, 2022. (ECF No. 1 at 4.) Based on the complaint's allegations, however, it appears plaintiff was aware of his due process injury no later than March 1, 2021, when the superior court dismissed the SVP petition filed against him. Plaintiff did not file his complaint until more than two years later, on April 27, 2023.

If plaintiff was pursuing his civil rights claims for monetary damages in good faith, he could be entitled to equitable tolling until his release from confinement, or possibly longer. However, the complaint's current allegations do not demonstrate plaintiff's entitlement to equitable tolling. It will be plaintiff's burden to establish facts in support of equitable tolling if necessary to make his claims timely under the two-year statute of limitations. <u>See</u> <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993) (holding that a plaintiff bears the burden to timely allege facts supporting equitable tolling).

**V.     Conclusion and Order**

Plaintiff's complaint does not state any cognizable claims, but plaintiff is granted leave to file an amended complaint. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77 (2009). An amended complaint supersedes the prior complaint, <u>see</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. <u>See</u> <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity

to file objections, and a district judge will assigned to the case to determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

**VI.     Order**

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.

2. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

3. Within thirty days from the date of service of this order, plaintiff must file one of the following:

       a.   An amended complaint curing the deficiencies identified in this order;

       b.   A notice of election to stand on the complaint as filed; or

       c.   A notice of voluntary dismissal.

4.   Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  October 12, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
koch0701.scrn