UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH,  Plaintiff,  v.  SACRAMENTO COUNTY, et al.,  Defendants. | No. 2:23-cv-00701 DB P  ORDER |

Plaintiff, Roland Thomas Koch, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's amended complaint filed on November 16, 2023 (ECF No. 8) is before the court for screening. The amended complaint does not state a claim and must be dismissed, but plaintiff is granted another opportunity to amend.

**I.   Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Background**

Plaintiff was detained in custody pending trial on a petition under the Sexually Violent Predator Act ("SVPA") filed in the Sacramento County Superior Court. (See ECF No. 1, generally.) Plaintiff alleges he asserted his right to speedy trial and was detained for twelve years without having the SVP petition proceed to trial. On March 1, 2021, the superior court granted a motion for dismissal of the SVP petition.[1] Through this suit, plaintiff seeks monetary damages for alleged deprivations connected to the SVP petition and his confinement.

The initial complaint named the County of Sacramento and "prosecution office" as defendants. For screening purposes, the court found plaintiff had adequately alleged he was deprived of a constitutional right, but that the allegations were inadequate to state a claim against the County of Sacramento. (See ECF No. 7.)

////

---

[1] The court takes judicial notice of the online docket for case number 00F06149 in the Sacramento County Superior Court. See U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008); Minor v. Fedex Office and Print Services Inc., 78 F. Supp. 3d 1021, 1027-28 (N.D. Cal. 2015).

1  Plaintiff has filed an amended complaint styled as "consent for [court]/Judge" which the
2  court construes as plaintiff's first amended complaint. (ECF No. 8.) Like the original complaint,
3  the amended complaint alleges plaintiff was detained for more than 12 years without proceeding
4  to trial on the SVP petition filed against him. (Id.) In addition to the County of Sacramento,
5  plaintiff alleges the following entities were driving forces in the denial of plaintiff's rights:
6  Sacramento Superior Court, Sacramento Police/Sheriff Department and Jail, Sacramento County
7  Public Defender's Office, Sacramento County prosecution office, Coalinga (Fresno County)
8  Police Department, Coalinga State Hospital, and California Correctional Department / CDC. (Id.
9  at 9.)

10  Plaintiff also alleges was he detained in "sub-human" facilities under conditions that were
11  detrimental to his physical and mental health, causing trauma from which he can never recover.
12  (ECF No. 1 at 3.) Plaintiff was denied property, family, movement, and was treated "worse than a
13  convicted criminal." (Id. at 3, 6.) On multiple occasions plaintiff was "locked in toilet bowl sized
14  rooms for 23.5 hours of the day, for months." (Id. at 4.)

15  On March 1, 2021, plaintiff was released into society with no resources and no help,
16  causing him to have to endure the hardships of homelessness. (Id. at 3-6.) Plaintiff seeks
17  damages. (Id. at 12.)

**III.  Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff may bring such an against a person or an entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1977).

**A.  Due Process**

Liberally construing the amended complaint for screening purposes, plaintiff adequately alleges he was deprived of his Fourteenth Amendment right to due process in connection with the SVPA proceeding. See Barker v. Wingo, 407 U.S. 514, 515 (1972) (setting forth a balancing test

for speedy trial claims). This is based on the allegations that plaintiff was detained for twelve years without proceeding to trial despite asserting his right to a speedy trial. See e.g., Page v. Lockyer, 200 F. App'x 727, 728 (9th Cir. 2006) (applying Barker to claim of trial delay in SVPA proceeding and finding 6-year delay did not violate speedy trial right).

However, the amended complaint fails state a claim. The amended complaint does not identify any individual defendants. Instead, as plaintiff recognizes, he names only entity defendants. (See ECF No. 8 at 9.) In order for a local government entity to be liable under Monell, a plaintiff must show "(1) they were deprived of their constitutional rights by defendants and [defendants'] employees acting under color of state law; (2) that the defendants have customs or policies which 'amount[ ] to deliberate indifference' to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation[s].'" Lee v. City of L.A., 250 F.3d 668, 681-82 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)), abrogated on other grounds by Twombly, 550 U.S. at 555. "Proof of random acts or isolated events does not satisfy the plaintiff's burden to establish a custom or policy." Picray v. Sealock, 138 F.3d 767, 772 (9th Cir. 1998).

The amended complaint does not include facts pertaining to a specific policy, practice, or decision of a municipal official with final decision-making authority that led to the alleged due process deprivation. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986). Allegations about the events occurred solely concerning plaintiff's case do not establish a custom or policy. Plaintiff makes only conclusory allegations directed towards the County of Sacramento and the other entity defendants named in the amended complaint. (See ECF No. 8 at 4-5, 9.) For these reasons, the amended complaint does not state a due process claim.

**B.     Conditions of Confinement**

The amended complaint does not state a claim regarding plaintiff's conditions of confinement or the manner of his release without resources. Because plaintiff has sued only entity defendants, in order to state a claim for damages, he must identify a specific policy, practice, or decision of a municipal official with final decision-making authority that led to the alleged constitutional deprivation. See Pembaur, 475 U.S. at 481-83 (1986). Otherwise, plaintiff must

1 identify a "person" who committed the alleged conduct while acting under color of state law, see
2 42 U.S.C. § 1983, and must include sufficient allegations to give the defendant fair notice of the
3 claim and facts on which it rests. See Twombly, 550 U.S. at 555. In order to state a cognizable
4 claim, plaintiff must also include specific facts sufficient "to raise a right to relief above the
5 speculative level." Id.

6       The amended complaint does not identify any individual defendants or a policy, practice,
7 or decision of a municipal official with final decision-making authority that caused any
8 constitutional deprivations relating to plaintiff's conditions of confinement. The amended
9 complaint does not state a claim based on plaintiff's conditions of confinement.

10       **C.**     **Statute of Limitations**

11       Plaintiff was released from custody on March 1, 2021, and initiated this action on April
12 14, 2023. California law determines the applicable statute of limitations, which is two years. See
13 Cal. Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions
14 under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury
15 actions"). The court will only dismiss a complaint for expiration of the statute of limitations if it
16 "appears beyond doubt that the plaintiff can prove no set of facts that would establish the
17 timeliness of the claim." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,
18 969 (9th Cir. 2010) (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

19       Absent tolling, plaintiff's claims for damages appear to be barred by the applicable two-
20 year statute of limitations. If plaintiff was pursuing his claims in good faith, he could be entitled
21 to equitable tolling. See Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993) (holding that a
22 plaintiff bears the burden to timely allege facts supporting equitable tolling). Based on the current
23 allegations, the undersigned would not conclude plaintiff could not prove facts to establish the
24 timeliness of his claims. Nevertheless, the amended complaint states no claims, and must be
25 dismissed.

26       **D.**     **Plaintiff's Pending Motion**

27       On the same day he filed his amended complaint, plaintiff filed a motion styled as a
28 motion for an emergency order to cease and desist. (ECF No. 9.) Therein, plaintiff states he is

1 being required to comply with registration requirements that do not apply to him. (Id.) The

2 motion does not appear to seek relief under the Federal Rules of Civil Procedure or any local rule

3 of this court. It is also not clear what relief plaintiff seeks through this motion, or how the matters

4 stated in the motion are related to this civil case. For these reasons, the motion is denied.

**IV.     Conclusion and Order**

For the reasons set forth above, the amended complaint does not state any cognizable claims. Although plaintiff indicates he does not intend to put further energy into this case (see ECF No. 8 at 13), plaintiff is granted another opportunity to amend. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

In the alternative, plaintiff may notify the court he wishes to stand on the amended complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the amended complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will assigned to the case to determine whether the amended complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

**V.     Order**

In accordance with the above, IT IS HEREBY ORDERED:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

2. Plaintiff's motion for emergency order to cease and desist (ECF No. 9) is denied.

3. Within thirty days from the date of service of this order, plaintiff must file one of the following:

        a.   An amended complaint curing the deficiencies identified in this order;

        b.   A notice of election to stand on the complaint as filed; or

        c.   A notice of voluntary dismissal.

4.   Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: December 18, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
koch0701.scrn.fac