UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH, | No. 2:23-cv-00701 DB P |
| Plaintiff, | |
| v. | <u>ORDER</u> AND |
| SACRAMENTO COUNTY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, Roland Thomas Koch, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. <u>See</u> 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint ("SAC") filed on January 16, 2024 (ECF No. 11) is before the court for screening. The SAC fails to state a claim and should be dismissed without further leave to amend.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.     Background

Plaintiff was detained in custody pending trial on a petition under the Sexually Violent Predator Act ("SVPA") filed in the Sacramento County Superior Court. (See ECF No. 11, generally.) Plaintiff was detained for twelve years without having the SVP petition proceed to trial even though he asserted his right to speedy trial. On March 1, 2021, the superior court granted a motion to dismiss the SVP petition.[1]

The prior complaints plaintiff filed in this case named the County of Sacramento and other entity defendants. For screening purposes, the court found plaintiff had adequately alleged he was deprived of a constitutional right, but also found the allegations were inadequate to state a claim against the County of Sacramento or any other named entity defendant. (See ECF Nos. 7, 10.) Plaintiff's SAC, screened below, names Sherriff Scott Jones and the Sacramento County Main Jail. (ECF No. 11.)

---

[1] The court takes judicial notice of the online docket for case number 00F06149 in the Sacramento County Superior Court. See U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008); Minor v. Fedex Office and Print Services Inc., 78 F. Supp. 3d 1021, 1027-28 (N.D. Cal. 2015).

### III. Allegations in the SAC

Defendant Jones authorized Coalinga State Hospital to assist in plaintiff's detainment on four occasions. (ECF No. 11 at 3.) Defendant Jones was well aware of plaintiff's legal right to speedy trial but did nothing when plaintiff was returned to custody in 2015, 2018, 2019, etc. (Id.) Jones failed to investigate plaintiff's speedy trial rights or that plaintiff had denied going to a court hearing. (Id. at 4.) Defendant Jones detained plaintiff for twelve years for a crime that did not exist because he did not care. (Id. at 3-5.) Plaintiff was forced to cohabitate with criminals and sex offenders. (Id. at 5.) Plaintiff filed prior lawsuits against defendant Jones. (Id. at 4.) Defendant Jones knew plaintiff was not being allowed access to the courts pertaining to the prior lawsuits. (Id. at 4.)

### IV. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff may bring a § 1983 claim against a person or an entity, including a municipality. Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1977). The court considers below whether plaintiff has stated a due process or access to courts claim under § 1983 and finds no claims are stated.

#### A. Due Process[2]

Like the prior complaints, the SAC does not include facts pertaining to a specific policy, practice, or decision of a municipal official with final decision-making authority that led to the alleged deprivation of due process. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986); Lee v. City of L.A., 250 F.3d 668, 681-82 (9th Cir. 2001). Thus, the SAC does not state a

////

---

[2] California law determines the applicable statute of limitations, which is two years. See Cal. Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). A plaintiff bears the burden of timely alleging facts supporting equitable tolling. See Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Absent tolling, an alleged violation of due process appears to be untimely because the SVP petition was dismissed on March 1, 2021, and plaintiff initiated this suit more than two years later, on April 14, 2023.

1  claim against the Sacramento County Main Jail, the County of Sacramento, or defendant Jones in
2  his official capacity.

3  The amended complaint also fails to state a claim against defendant Jones in his individual
4  capacity. For screening purposes, the court liberally construes the SAC to find plaintiff
5  adequately alleges he was deprived of a Fourteenth Amendment right to due process in
6  connection with the SVPA proceeding. See Barker v. Wingo, 407 U.S. 514, 515 (1972) (setting
7  forth a balancing test for speedy trial claims); see e.g., Page v. Lockyer, 200 F. App'x 727, 728
8  (9th Cir. 2006) (applying Barker to claim of trial delay in SVPA proceeding and finding 6-year
9  delay did not violate speedy trial right). However, plaintiff does not allege acts or omissions by
10 defendant Jones that caused the injuries plaintiff suffered.

11 The mere allegation that Sheriff Jones knew about plaintiff's speedy trial rights and
12 therefore unlawfully detained him when plaintiff was returned to custody does not state a claim.
13 See Twombly, 550 U.S. at 555 (naked assertions and "labels and conclusions" do not suffice to
14 state a claim). Plaintiff's allegations that Jones failed to investigate also fail to state a claim.
15 There is a reasonable division of functions between law enforcement officers and judicial officers
16 such that Sheriff Jones was not required to investigate plaintiff's speedy trial rights. See Baker v.
17 McCollan, 443 U.S. 137, 145-46 (1979) (holding a sheriff is not Constitutionally required to
18 investigate a detainee's claim of mistaken identity or innocence). For these reasons, plaintiff fails
19 to state a due process claim against defendant Jones.

20 **B.    Access to Courts**

21 Plaintiff also appears to allege a violation of his right to access the courts. Prisoners have a
22 constitutional right of access to the courts protected by the First Amendment right to petition and
23 the Fourteenth Amendment right to substantive due process. Silva v. Di Vittorio, 658 F.3d 1090,
24 1103 (9th Cir. 2011). This right is limited to direct criminal appeals, habeas petitions, and § 1983
25 civil rights cases. See Lewis v. Casey, 518 U.S. 343, 354 (1996). For a backward-looking access
26 to courts claim, a plaintiff must identify: (1) a "nonfrivolous," "arguable" underlying claim, pled
27 "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently
28 pursued"; (2) the official acts frustrating the litigation of that underlying claim; and (3) a "remedy

1 available under the access claim and presently unique to it" that is "not otherwise available in
2 some suit that may yet be brought." Christopher v. Harbury, 536 U.S. 413-14 (2002).

3       The SAC fails to allege an actual injury to support an access to courts claim. See Lewis,
4 518 U.S. at 348. The complaint does not allege, for example, how plaintiff's claims in the prior
5 lawsuits were meritorious such that he suffered actual prejudice. See Nev. Dep't of Corr. v.
6 Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348-49). Moreover, the
7 amended complaint fails to identify the official acts by Sheriff Jones that frustrated the litigation
8 for which plaintiff had a constitutional right of access to the courts. The mere assertion that Jones
9 knew plaintiff was being denied access to courts and failed to act is too vague and conclusory to
10 state a claim. See Twombly, 550 U.S. at 555.[3]

11 **V.     Conclusion and Order**

12       For the reasons set forth above, the SAC does not state any cognizable claims. Plaintiff
13 has been granted two prior opportunities to amend and has not remedied the defects in the claims.
14 Moreover, plaintiff indicates he does not intend to file a further amended complaint. (See ECF
15 No. 11 at 9 ("I will not put another effort, of any kind, into this matter.") A district court can deny
16 leave "where the amendment would be futile ... or where the amended complaint would be
17 subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). Under the present
18 circumstances, it clearly appears granting further leave to amend would be futile.

19       Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall assign a district
20 judge to this case.

21 ////
22 ////
23 ////
24 ////
25 ////
26

---

27 [3] In addition, absent tolling, an access to courts claim based on events that occurred while plaintiff was detained on the SVP petition appears to be untimely. See Cal. Code Civ. Proc. §
28 335.1; Jones, 393 F.3d at 927.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's second amended complaint be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 15, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
koch0701.scrn.sac

6